FILED

NOV 21 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OSBALDO PARRA,

    Plaintiff,

vs.

E. BRIDGNELL,

    Defendant.

No. C 12-04312 EJD (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

On August 9, 2012, Plaintiff filed a civil rights action under 42 U.S.C. § 1983, against a medical official at Salinas Valley State Prison. Plaintiff filed the action and later an amended complaint in the Eastern District of California and the action was then transferred to this court. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 13), will be granted in a separate order.

## DISCUSSION

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

Order of Dismissal with Leave to Amend
04312Para_dwlta.wpd

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

Plaintiff claims that he requested to see a doctor and for X-rays of his left leg as he was in a great deal of pain. A nurse met with Plaintiff and asked him questions about his leg and then provided ibuprofen and sent Plaintiff back to his cell. Plaintiff states he requested medical aid on other occasions, but was denied, however, plaintiff identifies no individuals involved. Approximately one month later Plaintiff was seen by the sole Defendant, Dr. Bridgnell, who realized Plaintiff's leg was a serious issue and sent plaintiff to surgery. Plaintiff states that there is a small risk his leg could be amputated, which could have been avoided had he been given antibiotics instead of ibuprofen. Plaintiff asserts deliberate indifference. (Am. Compl. at 3-4.)

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. Accordingly, Plaintiff's allegations with respect to deficient care for his leg may be cognizable as an Eighth Amendment claim.

Order of Dismissal with Leave to Amend
04312Para_dwlta.wpd

2

However, this claim is nevertheless deficient because Plaintiff fails to show how Defendant's response to that need was inadequate. Plaintiff was only seen by Defendant once, who realized the severity of the situation and ordered surgery for plaintiff. Plaintiff has not demonstrated that Defendant was involved in any of the prior medical care, or even the deliberate indifferent of that prior care.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See Leer, 844 F.2d at 633 (citations omitted). Plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his rights. Leer, 844 F.2d at 634. At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Accordingly, this claim is DISMISSED with leave to amend.

## CONCLUSION

For the foregoing reasons, the amended complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "SECOND AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 12-04312 EJD (PR).

Order of Dismissal with Leave to Amend
04312Para_dwlta.wpd

3

If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's amended complaint with a copy of this order to plaintiff.

DATED: 11/21/12

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OSBALDO PARRA,

    Plaintiff,

vs.

E. BRIDGNELL,

    Defendant.

Case Number CV 12-04312 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/21/12, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Osbaldo Parra**
K-63368
CALIFORNIA STATE PRISON, SACRAMENTO (290066)
P.O. BOX 290066
REPRESA, CA 95671-0066

DATED: 11/21/12

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk