**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSBALDO PARRA, | ) | No. C 12-04312 EJD (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| E. BRIDGNELL, | ) ) | |
| Defendant. | ) ) ) | |

Plaintiff has filed a civil rights action under 42 U.S.C. § 1983, against medical officials at Salinas Valley State Prison. The prior complaint was dismissed with leave to amend and Plaintiff has filed a second amended complaint.

## DISCUSSION

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

Plaintiff's complaint was dismissed with leave to amend as he only provided the most basic allegations of improper medical care and more specific information was required. Unfortunately, the second amended complaint has failed to provide sufficient additional information. While Plaintiff has identified the Defendants, he has failed to describe his serious medical needs. Plaintiff has a medical problem with his leg, though he does not describe it for the Court. Plaintiff's leg was X-rayed and he was given ibuprofin. A month later his leg hurt a great deal, but nothing was done by Defendants. A month later Plaintiff was only provided Tylenol. At some point Plaintiff was taken to the hospital where he was given antibiotics to kill an infection. Plaintiff provides no other information, instead providing many pages of exhibits. Yet, according to the exhibits, Plaintiff had a bump on his leg, but he was not in severe pain at the beginning, just a dull constant aching of his leg. There was no fever, no discoloration, no pulsation, no shortness of breath, no weight loss and no other symptoms. It appears when the symptoms did become worse, he was given a higher level of care. It seems Plaintiff is asserting that Defendants should have known earlier that the minor problem was going to get worse. This fails to state a claim for deliberate indifference. The complaint will be dismissed with one final opportunity to amend for Plaintiff to provide more details about his medical care. Simply attaching exhibits is insufficient, as is just stating his leg hurt and he received inadequate care.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

## CONCLUSION

For the foregoing reasons, the amended complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "THIRD AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 12-04312 EJD (PR). If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed.

///

Order of Dismissal with Leave to Amend
04312Para_dwlta2.wpd                  3

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's amended complaint with a copy of this order to plaintiff.

DATED: 2/13/2013


EDWARD J. DAVILA
United States District Judge

Order of Dismissal with Leave to Amend
04312Para_dwlta2.wpd            4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OSBALDO PARRA,            Case Number CV 12-04312 EJD (PR)

    Plaintiff,

  v.                                               **CERTIFICATE OF SERVICE**

E. BRIDGNELL,

    Defendant.

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/14/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Osbaldo Parra**
K-63368
CSP - SAC
P.O. BOX 290066
REPRESA, CA 95671-0066

DATED: _____2/14/2013_____
                                            Richard W. Wieking, Clerk
                                            /s/ By: Elizabeth Garcia, Deputy Clerk